HENRY LIEBENSTEIN

*v.*

ÆTNA INSURANCE COMPANY.

INSURANCE — *of the policy — description of property.* A policy of insurance on a stock "contained in the two story frame building occupied by the assured as a chair manufactory situated on the north side of Superior street," etc., covers only such stock as is contained in the specific building named in the policy.

304    LIEBENSTEIN v. ÆTNA INSURANCE Co.    [Sept. T.,

Opinion of the Court.

The facts in the case sufficiently appear in the opinion.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Messrs. ROSENTHAL & PENCE and Mr. WILLIAM HOPKINS, for the appellant.

Mr. J. A. SLEEPER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This case is in all respects identical with that of *Liebenstein* v. *The Baltic Insurance Company, ante,* p. 301, and *Same* v. *The Metropolitan Insurance Company of New York, post,* p. 305, to which we refer for a statement of the facts, except, that the property insured, instead of being described as contained in the factory of appellant, as in those cases, was described as " contained in the two story frame building occupied by the assured as a chair manufactory, situated on the north side of Superior street," etc. We had no hesitation in holding, in those cases, that the term "factory" included both the main building, in which the work was done, and the two story building ten feet distant, used for the engine and for a dry house, and that those policies covered the stock in both buildings. But the language of this policy, is wholly different. The risk in this case was expressly taken on the lumber and stock contained in a certain frame building, and we cannot extend that risk so as to make it cover stock not contained in the specific building to which reference was had in the policy. The company might have been willing to have insured the stock in both buildings at the same rate, or they might have charged a higher rate for insurance on the rear building, on the ground that the presence of the engine and boilers there created a greater risk. But whether they would have insured on the stock in both buildings or not, at the same rate, they did, in fact, insure only on the stock in one of them. That was their contract, and by their contract their liability must be determined. It is like the case of *Moadinger* v. *Mechanics' Fire*

*Ins. Co.*, 2 Hall, N. Y. 490, where the court held, that a policy on a baker's stock "contained in a frame dwelling house and bake house, front and rear, situate at No. 17 Thames street," did not cover flour stored in a shed leading from the bake-house to the front house.

The question, then, is, to which of these two buildings does the policy apply? All doubt is removed by the fact, that the building referred to in the policy is described therein as that occupied as a chair manufactory, and the evidence shows it was the main building, in which the machinery ran, and in which about thirty men worked, that was called the chair factory as distinguished from the engine house. It was probably designed by the appellant to cover both buildings, as the policy applies to the "engine, boiler, fixtures, tools, machinery, lumber and such other stock as is usually used in chair manufactories," and a portion of these things were in the main building, and a part in the engine house. But in the policy they are described as "all contained in the two story frame building occupied by the assured as a chair manufactory, situated on the north side of Superior street," in Chicago, and when we inquire to which of these frame buildings the policy must be applied, we find that the main and front building is the only one answering completely all the calls in the policy. It was property contained in that building that the company insured, and no other, and that property was not injured. The judgment must be affirmed.

*Judgment affirmed.*