EGGLESTON v. THE COUNCIL BLUFFS INSURANCE CO.

1. **Insurance**: ERROR IN DESCRIBING PROPERTY: LATENT AMBIGUITY: RECOVERY ON POLICY WITHOUT REFORMATION. The property described in the policy and application in this case was a store building and stock of goods "situated on lots 7 and 8, block 2, in the town of Floris," but the property was actually situated on lots 7 and 8, in block 2, in *Hoisington's addition* to the town of Floris, but there was a block 2, containing lots 7 and 8, in the original town. *Held* that, since the addition was a part of the town, the description in the policy and application might be applied either to the lots in the original town or to those in the addition; that it was not a misdescription, but an ambiguous one, and that the latent ambiguity might be shown by parol in an action by ordinary proceedings, and that it was not necessary to have the error corrected in equity before a recovery could be had on the policy.

2. **Pleading**: STRIKING EVIDENCE FROM PETITION: ERROR WITHOUT PREJUDICE. Letters which were evidence only of ultimate facts pleaded should have been stricken from the petition on defendant's motion, but, it appearing that defendant could not have been prejudiced by the overruling of such motion, a reversal will not be granted on that account.

3. **Insurance**: LIMITATION BY POLICY OF SUIT THEREON: WAIVER OF LIMITATION: EVIDENCE. Where defendant pleaded, in bar of an action upon a policy of fire insurance, that the action was not begun within six months from the date of the loss, as provided in the policy, it was proper to allow plaintiff to introduce letters written by the company to her, which tended to show that she had been induced, by the promises and representations of the company, to delay the institution of the suit.

4. ———: ACTION ON POLICY: PROOFS OF LOSS AS CONDITION PRECEDENT: WAIVER BY COMPANY. The provisions of a policy of fire insurance, requiring written proofs of loss, may be waived by the company, and, where such proofs are necessary to be made sixty days before an action can be maintained on the policy, such action may be begun and maintained sixty days after the date of such waiver.

5. ———: ———: ———: INABILITY TO PROCURE. Where it is shown that the insured, without any fault or fraud on his part, is unable to procure certain of the proofs of loss required by a policy of insurance, he may recover without a literal compliance with the provisions of the policy in this respect; for the law will not require an impossible thing.

6. ———: APPLICATION FOR: STATEMENTS BY ASSURED: COMPANY ESTOPPED FROM DENYING: KNOWLEDGE OF AGENT. Where the

statements made in an application for insurance were by the contract made a warranty by the assured, but the company, by its agent, who had authority to take the risk, was on the premises when the application was made, and then viewed the property, and himself filled out the application, writing therein statements which he knew were not true, *held* that the agent's knowledge should be imputed to the company, and that it was estopped from claiming that the representations in the application were not true.

7. ———: EVIDENCE: LETTER NOT BINDING COMPANY. A letter written to the company by the attorney of the assured, not in response to any communication from the company, but expressing opinions and assuming facts prejudicial to the company, was incompetent as evidence against the company for any purpose.

*Appeal from Davis Circuit Court.*

TUESDAY, DECEMBER 9.

ACTION on a policy of insurance against loss or damage by fire. Verdict and judgment for plaintiff. Defendant appeals.

*Phillips & Day*, for appellant.

*Payne & Eichelberger*, for appellee.

REED, J.—I. The property covered by the policy was a store building and stock of goods. Plaintiff made a written

1. INSUR-ANCE: error in describing property: latent ambiguity: recovery on policy without reformation.

application for the insurance, and a copy of this application was indorsed on the policy when it was issued. In the application, the property to be insured was described as being "situate on and confined to premises now owned and occupied by me in lots 7 and 8, block 2, of Floris, Davis county, Iowa." In the policy, the property insured is described as being "situated on lots 7 and 8, block 2, in Floris, Davis county, Iowa." One defense pleaded by the defendant was that plaintiff had no title to or interest in lots 7 and 8, block 2, in the town of Floris, or in the building situated thereon, and that she had no interest in the property described in the

application and policy. It was proved on the trial that plaintiff was a merchant doing business in said town of Floris, and that the building in which she did business was situated on lots 7 and 8, block 2, in Hoisington's addition to said town. It was also proved that the policy was issued by an agent of defendant, who had authority to make the contract, and that before issuing it he visited the premises and made an examination of them, and that he filled out the application, and wrote therein the description of the property, but obtained the information on which he wrote such description from plaintiff, or her son, who was acting for her at the time.

The title deeds, under which plaintiff claimed the property described, conveyed lots 7 and 8, block 2, in Floris, but she and those under whom she claimed had been in actual and uninterrupted possession of the property occupied by her when the risk was taken for more than ten years, under a claim of ownership. It was also shown that there is a block 2 in the original plat of the town, and that there are lots in that block which are numbered 7 and 8. The circuit court, in an instruction to the jury, ruled that plaintiff was entitled to recover, notwithstanding the fact that the property was situated in said addition, if the agent who took the risk knew where it was situated in fact, and intended to insure the building actually occupied by plaintiff, and the goods therein, and was not misled by the description. And, in disposing of a motion by defendant for judgment on the special findings of the jury, that the property owned by the plaintiff was not situated in the original town, but in the addition thereto, the court made substantially the same ruling. This holding is the ground of the first exception argued by counsel for defendant.

The position is, not that the policy is necessarily rendered void by the alleged error in the description of the property, but that, as by its terms it covers property entirely different from that intended by the parties to be included in it, there

can be no recovery upon it at law until, by the judgment of a court of equity, it has been so reformed as to express the real intent and meaning of the parties. The evidence leaves no doubt as to what the real intention of the parties was.

Plaintiff's store-building was situated on the lots in Hoisington's addition, and she desired to obtain insurance upon it, and upon the stock of merchandise which she kept in it. Defendant's agent went to that particular building, and made an examination of the premises with the view of insuring the building and the stock of goods in it; and when he issued the policy he had that property in mind, and supposed he was insuring it; and when plaintiff received the policy she understood that it covered that property. It is now assumed by defendant that the policy covers other and entirely different property, and, if this be true, its position that there can be no recovery in an action at law until there has been a reformation of the contract is also probably correct. Wood, Ins. § 95; *Holmes v. Charlestown Mut. F. Ins. Co.*, 10 Metc., 211; *Ewer v. Washington Ins. Co.*, 16 Pick., 502. But we think defendant is not warranted in this assumption. Whatever of ambiguity or uncertainty there is in the description of the property is created by the words used as descriptive of the lots and block upon which it was situated. In every other respect the description is certain and clear. Considering the description in the application and that in the policy together, and omitting the number of the lots and block, the property described with certainty is the one-story frame store-building in the town of Floris, owned and occupied by plaintiff, and the stock of merchandise kept by her therein. But defendant's position is that the words "lots 7 and 8, in block 2, in the town of Floris," are certainly descriptive of property situate in the original plat of the town. But we think this is not true. The addition is as certainly part of the town as is the land covered by the original plat, and lots 7 and 8, in block 2, in the addition, are in the town, as certainly as the lots of corres-

ponding numbers in the original plat. The description is simply uncertain. It does not with certainty describe property in either the addition or the original plat. There is a block 2 both in the orignal plat and in the addition, and there are lots numbered 7 and 8 in each of said blocks, and they are each in the town of Floris. The description—"lots 7 and 8, in block 2, in the town of Floris," without more, is therefore uncertain in this, that it does not designate whether the particular lots intended are those in the addition which are so numbered, or those of the corresponding numbers in the original plat; and this uncertainty was made apparent when it was shown that there was an original plat and an addition, and there were lots in each of corresponding numbers. There is a latent ambiguity, then, in the description of the property contained in the policy, and it may be explained by parol in an ordinary action. *Bowman v. Agricultural Ins. Co.*, 59 N. Y., 521; Wood Ins., § 95; 2 Pars. Cont., 558.

II. The policy provides that no suit or action thereon shall be sustained unless commenced within six months after

2. PLEADING: striking evidence from petition: error without prejudice.

the occurrence of the loss, and that, if any suit should be commenced thereon after the expiration of six months from the date of the loss, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim. The loss in question occurred on the twenty-first of February, 1883, and the suit was instituted on the third of September of the same year. Plaintiff alleges in her petition that at different times during the first six months after the loss occurred the agents and officers of defendant, in conversation and in letters written to her and to her attorneys, represented and promised that her claim would be paid, and that, believing and relying on these representations, she was induced to forbear the bringing of any suit for the enforcement of her claim until after the expiration of six months from the date of the loss. Attached to the petition as exhibits were a

number of letters which, it was claimed, passed between the parties during that period. Defendant moved the court to strike out these exhibits and the allegation making them parts of the petition, on the ground that they were mere matters of evidence, and were not necessary or proper parts of the pleading. This motion was overruled. We think it should have been sustained.

Conceding that it was necessary for plaintiff to allege and prove that she was induced to forbear bringing the suit within the six months by the representations and promises of defendant, she was required to allege in the pleading only the ultimate fact. The letters constituted but a portion of the evidence by which the allegation would be proved, and it was wholly unnecessary to set them out in the pleading; but we cannot say that defendant was in any manner prejudiced by the overruling of the motion to strike them out. We will, therefore, not disturb the judgment on this ground.

III. Defendant set out in its answer the provision of the policy with reference to the time within which suit might be brought thereon, and alleged that plaintiff's right to maintain the action was barred thereby. The parties appear to have tried the case on the theory that, unless plaintiff was induced by some promise or representation of defendant to forbear instituting the suit within six months from the date of the loss, her right of action was barred· by this provision. The letters which were attached to the petition were offered in evidence by plaintiff. Defendant objected to them as incompetent and immaterial, but the objection was overruled, and they were read in evidence. We think the ruling was correct. The letters had some tendency to establish plaintiff's claim that she had been induced, by promises and representations of defendant, to delay the institution of the suit.

*3. INSUR-ANCE: limitation by policy of suit thereon; waiver of limitation: evidence.*

IV. It is provided in the policy that defendant will pay any loss or damage which may happen to the insured prop-

**4. INSURANCE:** erty during the life of the policy, "sixty days
action on pol-
icy: proofs of after due notice and proofs of the same shall
loss as condi-
tion prece- have been made by the assured, and received at
dent: waiver
by company. the home office of the company, in accordance
with the terms and conditions of the policy." It is provided
by another provision that "persons sustaining loss or dam-
age by fire shall forthwith give notice of said loss to the
company, and render a particular account of such loss, signed
and sworn to by them, stating whether any and what other
insurance has been made on the same property, giving copies
of the written portions of all policies thereon; also, the
actual cash value of the property, and their interest therein;
for what purpose and by whom the building insured, or con-
taining the property insured, and the several parts thereof,
were used at the time of the loss; and when and how the fire
originated;        *        *        *        and shall also produce their
books of account and other vouchers, and exhibit the same
for examination, and permit copies thereof to be made; and
shall also produce certified copies of all bills and invoices,
the originals of which have been lost."

Plaintiff alleges that immediately after the fire she gave
notice of the loss to defendant, and that a few days there-
after it sent its general agent to examine into the loss and
adjust the same, and that said agent made an examination
into all the circumstances of the fire, and that she then gave
him full information as to the ownership of the property
destroyed, and all matters pertaining to the loss, and gave
him an invoice of the goods in the building at the time of
the fire, and that the agent then and there waived the pro-
vision of the policy which requires written proof of the loss
to be made, and promised and agreed that, when she pro-
cured from the wholesale dealers with whom she dealt
invoices and bills of the goods which she had in the building
at the time of the fire, and sent the same to defendant, it
would pay the loss. She also alleges that afterwards, in the
month of May, as a matter of precaution, she made out and

sent to defendant complete and formal proofs of the loss as required by the terms of the policy. Defendant denied these allegations, and alleged that the proofs of the loss required by the policy were not made until the thirteenth of July, and that, as the suit was instituted less than sixty days from that date, no right of action had accrued when it was begun.

There was evidence given on the trial tending to prove the alleged waiver of the provision requiring written proofs of the loss, and it was proved that, on the twenty-third of May, plaintiff prepared and sent to defendant her affidavit, in which some of the matters were shown which, by the provision of the policy, were required to be shown by the proofs of loss, and that defendant's adjusting agent, on the ninth of July, wrote to plaintiff's attorneys, and pointed out several particulars wherein he claimed said affidavit was insufficient as a proof of loss. And on the thirteenth of July plaintiff's attorneys prepared and sent to defendant additional proofs, to which it does not appear that any exception was taken. Defendant contends that "due notice and proof" of the loss were not made until the last proofs were received by it, and that, as the suit was instituted less than sixty days from that date, it was prematurely brought. But the jury found specially that the provision was waived by the adjusting agent who made the examination soon after the occurrence of the fire, and this was on the sixth ·of March, so that, if a right of action has accrued at all in plaintiff's favor, it accrued not later than sixty days from that date. That the provision of the policy requiring written proofs of the loss to be made may be waived, is well settled by the authorities. See Wood, Ins., § § 414, 496; *Lycoming Fire Ins. Co. v. Dunmore*, 75 Ill., 14; *Patterson v. Triumph Ins. Co.*, 64 Me., 500.

V. Plaintiff does not claim that the provision of the policy under which she may be required to furnish certified ——: ——: copies of all bills and invoices, the originals of ——: inability to procure. which were lost, was waived, but, on the contrary,

alleges that she agreed to procure such copies from the wholesale merchants from whom she had purchased the goods, and forward the same to defendant. The evidence shows that she made efforts to procure these bills, but was able to procure but a portion of them, and the jury found specially that she furnished them so far as it was in her power so to do. Defendant contends that plaintiff's right to recover at all is dependent on a literal compliance by her with this provision of the policy. But we think she is not required by the provision to perform an impossible thing, and if it can be shown that, without any fault or fraud on her part, compliance is rendered impossible, she may recover without performing the condition. Wood, Ins., § 423; *Bumstead v. Dividend Mut. Ins. Co.*, 12 N. Y., 81; *O'Brien v. Commercial Fire Ins. Co.*, 63 N. Y., 108. The jury found specially that plaintiff had furnished copies of the bills and invoices so far as it was possible for her to do so, and this finding is conclusive of the question.

VI. The application contained statements with reference to the size of the building insured, the manner of its construction, the material of which it was constructed, and the time when it was built; and it is provided in the policy that the application shall be considered as a warranty by the assured. It was shown upon the trial that these statements, in some respects, were not true. The circuit court instructed the jury that the application was to be regarded as part of the contract, and that the statements therein were warranties, and, if any of said statements were not true when made, this would defeat a recovery by plaintiff on the policy, unless defendant had knowledge when it issued the policy that the statements were not true. But if defendant's agent, who solicited the insurance, had authority to take the risks, and he filled out the application, and was present on the ground, and viewed the premises, and had an opportunity to examine them, and then knew the location of the building, and its size, and the material of which it was constructed, and the

6. ——: application for: statements by assured: company estopped from denying: knowledge of agent.

manner of its construction, his knowledge in this respect would be imputed to the company, and it would now be estopped from claiming that said representations were not true. Exception is taken by defendant to the last proposition contained in the instruction; but it is in accord with the rule on the subject as laid down by this court in *Jordan v. State Ins. Co.*, 64 Iowa, 216; *Williams v. Niagara Fire Ins. Co.*, 50 Iowa, 568; and *Miller v. Mutual Benefit L. Ins. Co.*, 31 Iowa, 223.

VII. Plaintiff was permitted, against defendant's objection, to introduce in evidence a letter to defendant, written by her attorneys, and which accompanied the proofs of loss which were sent July 13. This letter was in no sense an answer to any communication from defendant. In it the writer expresses the opinion that plaintiffs' claim is a just one, and that her loss was an honest loss. It is also stated in the letter that plaintiff had learned with satisfaction that defendant had paid a portion of the amount of the loss to one of her creditors, to whom she had directed it to be paid. We think it very clear that this letter should have been excluded. It was incompetent for any purpose, and its admission could hardly have been otherwise than prejudicial to defendant. If defendant had in fact paid a portion of the loss to plaintiff's creditors on her order, this would have been an admission by it of the validity of the claim. And the statement in the letter was well calculated to create the impression in the minds of the jurors that this had been done. The expressions of opinion by the writer of the letter were equally objectionable. For the error in admitting this letter in evidence, the judgment of the circuit court must be

<div style="margin-left:2em; font-size:smaller">7. ——: evidence: letter not binding company.</div>

REVERSED.