[No. 7542.   Decided May 26, 1909.]

MONTANA STABLES, *Respondent*, v. UNION ASSURANCE SOCIETY OF LONDON, *Appellant*.[1]

INSURANCE—POLICY — PROPERTY COVERED — ADDITION ATTACHED—CONSTRUCTION. A policy of fire insurance upon a stable, "and additions attached thereto," covers an extension of the main floor excavated underneath an alley at the rear and the basement of a building across the alley on higher ground, used for horse stalls and the storage of vehicles; since "attached" has the meaning of "connected" or "joined to," and the policy is to be construed most strongly against the company.

Appeal from a judgment of the superior court for King county, William Parmerlee, Esq., judge *pro tempore*, entered March 27, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a policy of fire insurance. Affirmed.

*Granger & Magill*, for appellant.

*Farrell, Kane & Stratton*, for respondent.

FULLERTON, J.—This action was brought by the respondent against the appellant, to recover on a fire insurance policy. There is no question as to the loss, nor the amount of the loss, the defense being that the property destroyed was

[1]Reported in 101 Pac. 882.

not covered by the policy. The property insured was described in the policy as follows:

"$1500 on the two story frame building, and additions attached thereto, including electric lights, wiring, plumbing and all permanent improvements, occupied as a livery, boarding and sales stable, situate on the southeast corner of Washington street and Fourth Avenue, Seattle, Washington."

The street called Washington street in the policy extends east and west, and Fourth Avenue is a street running at right angles thereto. The main barn of the respondent is a two-story structure built at the junction of the two streets, and extends south along Fourth Avenue probably 100 feet, and east along Washington street to the alley in the middle of the block. On the south side of the barn, extending from Fourth street to the alley, is a one-story addition to the main barn. Washington street as it proceeds east from Fourth Avenue rises rapidly, so that the building erected on the lot immediately to the east of the alley, known in the record as 415-417, Washington street, had its first story on a level with the second story of the respondent's main building. The respondent leased of the owner of this building the right to use the space under the building in connection with its barn, and thereafter excavated the same to a level with the lower floor of its main building, and erected therein single and box stalls which it used for stabling horses. The stable is reached through the alley by an excavation made between the main barn and the stable on a level with the floor of each. The record is not clear as to how much of this alley is excavated, but we gather therefrom that the excavation extends for the full width of the building, making practically one continuous floor from the main entrance on Fourth Avenue back to the farther side of the excavation under the Washington street building. The alley was covered with planking which formed at once a roadway at its original level and a roof for the space excavated beneath, this space being used for

the storage of vehicles.   The following diagram may help to make clear the situation:

Washington Street

The fire started in the Washington street building, destroying entirely that part of the barn, and doing slight damage to the addition on the south side of the main barn.

The contention of the appellant is that the part of the barn in the basement of the Washington street building is no part of the main barn itself, nor an "addition attached thereto" within the meaning of the policy, and hence is not covered by the policy.   But we think it clear that the phrase "addition attached thereto" described the property destroyed by the fire.   The word "attached" has the meaning of "connected with" or "joined to," in the sense of which it is used in the policy, and it cannot be disputed that this addition to the main barn was connected and joined to the main barn; indeed, so clearly so as to make it almost an integral part of the main barn itself.   It must be remembered, moreover, that in the interpretation of insurance policies where any uncertainty exists in the description of the property insured, the uncertainty must be resolved in favor of the insured.   As was said by Vann, J., in *Matthews v. American Central Ins. Co.*, 154 N. Y. 449, 48 N. E. 751, 61 Am. St. 627, 39 L. R. A. 433:

"The policy, although of the standard form, was prepared by insurers, who are presumed to have had their own in-

terests primarily in view; and hence, when the meaning is doubtful, it should be construed most favorably to the insured, who had nothing to do with the preparation thereof."

So in this case, if it were doubtful whether the description contained in the policy covered the property destroyed, it would be our duty to resolve that doubt in favor of the insured. The appellant cites the following cases, and maintains that they are absolutely decisive in its favor of the question involved; viz: *Franklin Fire Ins. Co. v. Hellerick*, 20 Ky. Law 1703, 49 S. W. 1066; *North British etc. Ins. Co. v. Tye*, 1 Ga. App. 380, 58 S. E. 110; *Liebenstein v. Aetna Ins. Co.*, 45 Ill. 303.

In the first of these cases the property described was a "brick, metal-roofed building, including frame addition situate No. 216, on the west side of First street, between Main and Market streets, Louisville, Ky." The proof showed that the insured owned and occupied a brick, metal-roofed building at the place described, which had a frame addition attached thereto; that the policy as originally written did not contain the words "including frame addition," but that these words were added by an agent after the policy had been delivered, so as to make it cover the frame addition. The proof showed also that the insured owned another building, situated west of the main building and about 20 feet therefrom, not connected with it in any manner, in which was stored lumber and material. This latter building was destroyed by fire, and the court held it was not included in the policy.

In the second case, the suit was upon two policies of insurance covering a two-story frame structure used by the insured as a dwelling house, and "additions thereto," as described in one of the policies, and "its additions adjoining and communicating" as described in the other. The building destroyed was a small servant's house 150 feet away, connected with the dwelling by two wires operating an electric call bell. The latter building was destroyed by fire, and the court held it not to be within the policy.

In the third case cited, it was held that a policy of insurance on a stock "contained in the two-story frame building occupied by the assured as a chair manufactory, situated on the north side of Superior street," etc., did not include a stock kept in an adjoining building, although owned by the same company. These cases, it seems to us, if we concede them to be correctly decided, are clearly distinguishable from the case at bar. In the first two, the buildings destroyed were separate structures in no manner a part of the building insured, and cannot be said to be either additions to the insured building or connected with it. In the third case, the insurance was upon stock contained in a particular building, and it was only by a distortion of the phraseology of the policy could it be held to include a stock contained in another building. But in the case at bar, there was such a connection between the building destroyed and the building described in the policy as to be "an addition attached thereto," and to leave no doubt that it was understood by all of the parties to be covered by the policy.

There is no error in the record, and the judgment will stand affirmed.

RUDKIN, C. J., CHADWICK, GOSE, CROW, MOUNT, and DUNBAR, JJ., concur.

PARKER and MORRIS, JJ., took no part.