[No. 20205.   Department Two.   April 4, 1927.]

H. E. REIMERS, *Respondent*, v. INTERNATIONAL
INDEMNITY COMPANY, *Appellant*.[1]

[1] INSURANCE (48)—CONTRACT—DESCRIPTION OF PROPERTY. It is no
defense to an action upon an indemnity policy insuring the
owner of a truck against damages caused by its operation, that
the policy was a renewal giving the same description as the
former policy which described it as originally purchased,
though it had been repaired by substituting a new chassis with-
out the knowledge of the insurance company, and the car as
changed was not accurately described, where it was the only
truck owned by the insured and could be identified, in part at
least, as the same truck originally insured.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered June 27, 1925,
upon findings in favor of the plaintiff, in an action upon
a policy of indemnity insurance.   Affirmed.

*Graves , Kizer & Graves,* for appellant.

*Wakefield & Witherspoon,* for respondent.

TOLMAN, J.—This is an appeal from a judgment hold-
ing the indemnity company liable upon an ordinary
policy of automobile liability insurance.   The facts are
not in dispute and, so far as necessary to an under-
standing of the question here presented, may be briefly
summarized as follows:

Respondent was engaged in the retail business in
the city of Spokane and in April, 1923, he owned and
used a Ford delivery truck, 1919 model, engine No.
3,378,924.   At that time he procured liability insur-
ance thereon for one year by a policy issued by the
appellant.   During the life of that policy and some
six months before it expired, the crank shaft upon this

[1]Reported in 254 Pac. 852.

7—143 WASH.

truck was broken and the old chassis was discarded. A new chassis, 1924 model, bearing engine No. 8,373,288, was purchased, and the delivery body which had been used upon the old chassis was placed upon the new, and the truck thus created or assembled was used as the old one had formerly been in respondent's business, the discarded parts of the old truck being relegated to the scrap heap. In April, 1924, when the then existing policy expired, appellant's agent, having no knowledge of the change in the truck, sought and obtained respondent's consent to issue a new policy for another year, and the policy now in suit was accordingly issued, describing the truck insured as did the original policy, by the same year and number. Thereafter and during the year of the new policy's life, an accident occurred, a child being injured by respondent's truck, and suit was brought against respondent on behalf of the injured child. The defense of that action was tendered to the appellant, but it refused to act. Judgment in that action went against the respondent and he now sues for the amount necessarily expended in defending that action and in payment of that judgment, which amount, with interest, the trial court, sitting without a jury, awarded him by the judgment appealed from.

[1] Appellant's contention seems to be that the appellant never insured the truck that caused the injury; that the truck it intended to insure and which was described in the policy had passed out of existence before the policy was written; that there was no mutual mistake because appellant intended only to insure the truck described in the policy, and that the identity of the truck is governed by its chief and operating parts, and not by the mere body, which might readily be transferred from one chassis to another. It is ad-

mitted, however, that the appellant would as willingly and readily have insured the truck which caused the injury, if it had been asked so to do.

A very engaging argument is made to support these views and a number of authorities are cited, among which are *Hessen v. Iowa Automobile Mut. Ins. Co.*, 195 Iowa, 141, 190 N. W. 150, 30 A. L. R. 657, where it is said:

"It is essential that insurance policies identify the property which the insurance covers. The description in the instant policy is not ambiguous, and plaintiff seeks a recovery on a particularly described car which the evidence fails to prove. This case deals with the application and the enforcement of a written contract, and we cannot disregard principles which have heretofore been announced and applied in the interpretation and enforcement of written documents."

And *Zap v. United States Casualty Co.*, 115 Misc. Rep. 634, 189 N. Y. Supp. 31, the court there saying:

"The plaintiff was bound to prove that it was the intention of the defendant, as well as his own intention, to have the policy read and stipulate as he now seeks to have it. The defendant did precisely what it intended and was instructed to do. It did not make a mistake, and it understood and apprehended accurately and fully the instruction and direction given it, and acted in strict conformity with such instruction. It did not agree or intend to agree otherwise than as stated in the insurance policy. The fact that the defendant may have been as willing to insure the plaintiff with regard to one car as another is not equivalent to a mutual mistake on its part in designating the car it intended to insure. The defendant intended to insure what the plaintiff then described. The defendant's intention attached itself to that description and is not subject to alteration by the plaintiff or by the courts."

The Iowa case was an action upon a policy against theft of the vehicle which was insured, and of course

in such cases the question of identity is highly important, both to prevent fraud and to enable the insurer to seek and recover the stolen property. But the Iowa court in a case hereinafter referred to, on a policy against loss by fire, laid down a much more liberal rule. In the New York case there was apparently rather more than a suspicion that the insured was endeavoring to protect two automobiles by one policy, and of course in all such cases the rules must be rigidly enforced. Other cases cited by the appellant go only to well recognized general principles.

Here, respondent's truck was not insured. Respondent only was insured against liability which might be incurred by him through the operation of his truck. He owned and operated but one truck and we think appellant intended and did undertake to indemnify him against damages caused by the particular truck which he owned and operated, without reference to the year of its manufacture or the number of its engine. Those things could only become important as helps in identifying the truck or to prevent respondent from covering the operations of two or more trucks by means of one policy. The identification of respondent's truck was complete, and it is not suggested that he ever had or operated more than one truck at any one time. As we have already suggested, the question here materially differs from that of a policy insuring a particular article against loss by fire or theft. But even in such cases, many courts of high standing have adopted a liberal rule as to numbers and like terms of description. In *White v. Home Mutual Ins. Ass'n.*, 189 Iowa, 1051, 179 N. W. 315, the supreme court of Iowa said:

"The number of the automobile was inserted merely for the purpose of identification. The insurance was intended to be and was of the automobile; not the number plate. It was the car insured quite as certainly,

if fully identified, without resort to the number. There was such identification, for the evidence, without conflict, showed that the automobile burned met the description contained in the policy in all other respects, was the only automobile owned by the insured, and was the one intended to be covered by the policy. When the insured property can be so identified, there is no occasion for correcting the description contained in the policy covering personal property."

The supreme court of Kansas, in *Moore v. North River Ins. Co.*, 111 Kan. 420, 207 Pac. 760, said:

". . . The court was right in refusing to instruct that, even if the jury believed from the evidence that plaintiff owned the Ford motor car at the time the policy was issued, still they must find for the defendant, unless they believed from the evidence that the car bore the number stated in the policy. The number of the car, as recited in the policy, was merely a matter of description. It was the particular car which the defendant insured and not the number."

See, also, Berry on Automobiles (4th ed.), § 1850.

This court said in *Montana Stables v. Union Assurance Society*, 53 Wash. 274, 101 Pac. 882, that in cases where it was doubtful whether the description contained in the policy covered the property destroyed, the court would resolve the doubt in favor of the assured.

Perhaps, if needed, another argument might be advanced as being not wholly illogical. Respondent might have repaired his truck, piece by piece and part by part, until the old chassis was wholly superseded by a new. If instead of doing it piece-meal, it was done all at once, was it any less a repair? The discarded parts were certainly not a truck, and the original truck either then ceased to exist or continued as the repaired truck. In case of accident, the respondent's truck would have been identified not by the year of its make or by

the engine number, but by the license number or the lettering upon the body; (being used in a retail business, it is not unfair to assume that there was such lettering). The license number does not appear to have been mentioned in the policy, but who shall say that this truck, to all outward appearances the same, was not in fact and in law the same truck, identical with the truck first insured? Surely, when necessary to do justice, the courts may so hold.

We conclude that both in reason and justice the trial court reached a correct conclusion, and the judgment is affirmed.

MACKINTOSH, C. J., PARKER, and ASKREN, JJ., concur.