THOMAS FUCALORO, Appellee, v. STANDARD SURETY & CASUALTY COMPANY of New York, Appellant.

No. 44386.

JUNE 21, 1938.

Bradshaw, Fowler, Proctor & Fairgrave, for appellant.

James O'Brien and Stipp, Perry, Bannister & Starzinger, for appellee.

KINTZINGER, J.—The record in this case shows that Fred Brannen was employed by DeBarry & Associates, Inc., of Chicago, Illinois, as one of its agents. Brannen resided and did

business for said company in Iowa. His work and that of other employees of DeBarry & Associates, Inc., required the use of automobiles. The DeBarry company required them to procure liability insurance for themselves and the company.

In 1934, Brannen owned and was driving a 1933 model Plymouth car upon which he had secured liability insurance through the DeBarry company in the Metropolitan Casualty Company of New York. This policy expired May 12, 1935. Before the expiration of that policy, Brannen had traded in his 1933 Plymouth for a 1935 Plymouth, six-cylinder sedan. This information was conveyed to the DeBarry company for the purpose of securing insurance on the new car.

In May 1935, the DeBarry company, for itself and Brannen, the owner of the car, secured a policy of insurance from the Standard Surety & Casualty Company of New York, appellant. In getting this insurance DeBarry company described the car as being owned and used by Fred Brannen, in Des Moines, Iowa; that it was a 1935 model, and a six-cylinder Plymouth sedan; but inadvertently gave the wrong motor and serial numbers of the engine.

This policy insured Brannen, as owner, and also the DeBarry company against liability for damages. The record in the case shows without dispute that the car actually insured was a 1935 model Plymouth, six-cylinder sedan, owned by Fred O. Brannen.

The record also shows that appellee in this action was injured in an automobile collision with the car in question in August 1935; that an action was started by appellee against Fred Brannen as owner of the car, and a judgment of $2,000 was recovered therein against him in April 1937; and a general execution was issued thereon and returned unsatisfied.

It appears from the evidence that owing to a mistake the serial and motor numbers of Brannen's car were not correctly stated in the insurance policy. The record, however, otherwise correctly describes the automobile as a 1935 model, six-cylinder Plymouth sedan, owned by Fred O. Brannen of Des Moines, Iowa.

At the conclusion of the evidence appellee filed a motion for a directed verdict which was sustained, and judgment was entered thereon in the sum of $2,000, and interest. Appellant also filed a motion for a directed verdict which was overruled.

After this motion was overruled, appellant filed a motion for a new trial which was also overruled, and defendant appeals.

Appellant contends that the court erred in overruling appellant's motion for a directed verdict and overruling its motion for a new trial, chiefly upon the ground that the policy of insurance did not cover any liability for damages on Brannen's car because the motor and serial numbers in the policy were not the same as the motor and serial numbers of Brannen's car.

Appellant contends that, because the car's motor and serial numbers were not correctly stated in the policy but contained the motor and serial numbers of a car formerly owned and disposed of by said Brannen, there can be no recovery.

Appellee contends that the motor and serial numbers in the insurance policy sued on are only a part of the description of the car, and, if the car is otherwise described and identified as the car actually insured, the insertion of the wrong motor and serial number would not invalidate the insurance. Volumes 13 and 14, Huddy's Cyc. of Automobile Law, 393, section 307; 6 Blashfield's Cyc. of Automobile Law, Permanent Ed., sections 3573, 3574; Sunderlin on Insurance, section 177.

The evidence in this case shows without dispute that Brannen had only one car, and that this car was described in the policy as being owned by him, and as being a 1935 model and a six-cylinder Plymouth sedan. Appellee therefore contends that the motor and serial numbers are only part of the description of the automobile and if it is otherwise sufficiently identified, a mistake in the serial and motor numbers will not prevent a recovery on the policy. This seems to be the rule applied generally and also the rule adopted by this court. White v. Home Mutual Insurance Association, 189 Iowa 1051, 179 N. W. 315; Eggleston v. Insurance Company, 65 Iowa 308, 21 N. W. 652; Douglas v. Insurance Company of North America, 215 Mich. 529, 184 N. W. 539; St. Paul Mercury Indemnity Company v. Long, 3 Cir., 85 F. 2d, 848; Reimers v. International Indemnity Company, 143 Wash. 193, 254 P. 852; Wyman v. Security Insurance Company, 202 Cal. 743, 262 P. 329; Giles v. Citizens Insurance Company, 32 Ga. App. 207, 122 S. E. 890; Lorenz v. Bull Dog Automobile Insurance Association, Mo. App., 277 S. W. 596.

Upon this question, Sunderlin on Insurance, sections 177 and 179, says:

"Generally speaking reference in the automobile insurance policy to the motor number of the car is merely descriptive, and the giving of an erroneous number does not constitute breach of warranty and avoid the insurer's liability. The mere misstatement of the motor number does not deprive insured of the right to recover for the loss of his car as a matter of law.

"The number of the car is a mere matter of description; it is not a question as to the number of the car, but the identity of the car itself that determines whether or not the assured has a right of recovery."

Huddy, another well-known writer on automobile liability, in his work on Cyc. of Automobile Law, Vols. 13 and 14, page 393, section 307, says:

"Since under this form of insurance it is the owner who is insured against liability resulting from the operation of a particular vehicle, and not the vehicle itself, the description of the vehicle is not so material as it would be in the case of a fire or theft policy covering the vehicle. If identification of the vehicle is complete, a mistake in the description of the vehicle * * * is not fatal."

In White v. Home Mutual Insurance Association, 189 Iowa 1051, l. c. 1053, 179 N. W. 315, l. c. 316, this court said, in sustaining a verdict for the insured:

"The number of the automobile was inserted merely for the purpose of identification. The insurance was intended to be and was of the automobile; not of the number plate. It was the car insured quite as certainly, if fully identified, without resort to the number. There was such identification; for the evidence, without conflict, showed that the automobile burned met the description contained in the policy in all other respects, was the only automobile owned by the insured, and was the one intended to be covered by the policy. When the insured property can be so identified, there is no occasion for correcting the description contained in the policy covering personal property."

In St. Paul Mercury Indemnity Company v. Long, 3 Cir., 85 F. 2d, 848, l. c. 850, the court said:

"It was shown that the Long Trucking Company purchased two 6½-ton Mack trucks; that it insured two 6½-ton Mack trucks; that at the time it took out the insurance it owned only two 6½-ton Mack trucks. This and other evidence tends to show that the truck involved in the accident was the same truck that was covered by the insurance. That the motor and serial numbers given in the policy do not coincide with the motor and serial numbers of the truck causing the accident might have been, as the court found, a mistake which occurred in transcription. They were mere matters of description for identification which are immaterial to the risk and are not grounds for a reversal."

A number of cases are cited by appellant in support of its contention that a failure to give the number of the car is fatal to a recovery. These cases, however, are distinguishable from the case at bar because they relate to cases in which the insurance was upon a car traded by the owner for another car without transferring the insurance thereon prior to the injury.

Other cases are also cited in which there was practically no other identification of the car insured except the number. In the case at bar there was other testimony tending to identify the car insured, among which were: that it was a 1935 car; that it was a Plymouth car of that year; that it was a sedan with two seats; that it was a six-cylinder car; that the car was owned by Fred O. Brannen; and that he owned no other car at the time of the accident. The evidence also shows that the person writing the insurance for the insurer said: "We intended to insure Fred Brannen and the DeBarry Associates, Inc. as to liability through the use of a Plymouth 1935 six-cylinder sedan. I understood that the sedan was owned by Fred Brannen." The policy of insurance plainly indicated the intention on the part of the company to insure the car owned by Fred Brannen.

We are constrained to hold that the giving of the wrong motor and serial numbers when other means of identification were given was merely a misdescription which could be cured by other testimony, and that when the car was otherwise properly identified the insurance company became liable under its

policy, especially where it appears that the car in question was the only car the insured owned, and that the model, make, number of cylinders, etc., were correctly stated. Douglas v. Insurance Company of North America, 215 Mich. 529, 184 N. W. 539; Reimers v. International Indemnity Co., 143 Wash, 193, 254 P. 852; St. Paul Mercury Indemnity Company v. Long, 3 Cir. 85 Fed. 2d, 848.,

Under such circumstances it is unnecessary to commence an action in equity to reform the policy to conform with the motor and serial numbers of the car in question. White v. Home Mutual Insurance Assn., 189 Iowa 1051, 179 N. W. 315; Eggleston v. Insurance Company, 65 Iowa 308; 21 N| W. 652; St. Paul Mercury Indemnity Company v. Long, 3 Cir., 85 Fed. 2d, 848; DePaola v. National Insurance Company, 38 R. I. 126, 94 A. 700; Lorenz v. Bull Dog Automobile Insurance Association, Mo. App., 277 S. W. 596.

It is our conclusion that the evidence in this case sufficiently identifies the car in question to warrant the judgment of the lower court.

Other questions raised have been fully considered, but owing to the conclusion hereinabove reached, we deem it unnecessary to refer thereto.

.For the reasons hereinabove expressed, judgment is affirmed.—Affirmed.

STIGER, C. J., and RICHARDS, SAGER, MILLER, HAMILTON, DONEGAN, and MITCHELL, JJ., concur.