(No. 27131.—

VICTORIA KOSTECKI, Admx., *et al.,* Appellants, *vs.* GIU-
SEPPE ZAFFINA, Admr.—(UTILITIES INSURANCE COM-
PANY, Appellee.)

*Opinion filed Sept. 21, 1943—Rehearing denied Nov. 11, 1943.*

AUGUSTINE J. BOWE, WILLIAM J. BOWE, and JOHN D.
CASEY, for appellants.

SCHUYLER & HENNESSY, (ALLAN T. GILBERT, and
JAY STOUGH, of counsel,) for appellee.

MR. JUSTICE FULTON delivered the opinion of the court:

The appellants, Victoria Kostecki as administratrix,
and Mildred Keene as administratrix, recovered judg-
ments for $10,000 and $7500, respectively, against Giuseppe
Zaffina as administrator *de bonis non* of the estate of
Wilbur Soden, deceased. These judgments were entered
in an action for damages on account of the wrongful death
of plaintiffs' intestates arising out of an automobile acci-

dent occurring on July 4, 1938, wherein the decedents were passengers in an automobile owned and being then driven by Soden. After the entry of the judgments, the appellants sued out a garnishment writ against the appellee insurance company as garnishee relying upon an automobile liability insurance policy which had been issued by that company on April 15, 1938, to Soden. The garnishment proceeding was tried before the court without a jury and resulted in judgments against the garnishee for $5000 in favor of each plaintiff. The garnishee appealed to the Appellate Court, First District, and that court by its opinion reversed the judgment of the circuit court of Cook county and discharged the garnishee. Leave to appeal was granted by this court. It is the contention of the appellants that the garnishee had issued a policy of liability insurance covering Soden and the automobile which he owned and was driving at the time of the accident. The garnishee admits that it had issued to Soden the liability insurance policy on April 15, 1938, but denies that this policy covered Soden and the particular car that he was driving at the time of the accident. It is therefore necessary to recite the facts regarding the issuance of the policy.

The evidence shows that in 1935 Soden purchased a 1935 Plymouth two-door sedan, engine No. PJ-121860, serial No. 2481012. In 1935 the garnishee issued a policy of automobile liability insurance to Soden covering Soden and this automobile from April 29, 1935, to April 29, 1936. In 1936 the second policy was issued for the period from April 29, 1936, to April 29, 1937. This policy, however, described said automobile as a 1936 model. On October 19, 1936, Soden purchased a new car, it being a 1937 Plymouth four-door sedan, engine No. P4-38159 and serial No. 10115840. There was some conflict as to when Soden disposed of his 1935 Plymouth, but the Appellate Court has found that the evidence shows that at the time the

new car was purchased the old car was taken in trade by the dealer. A third policy was issued for the period from April 29, 1937, to April 29, 1938, but in said policy the description of the automobile was the same as the description in the policy issued the previous year in spite of the fact that Soden had disposed of that automobile. On April 15, 1938, another policy was issued for the period from April 29, 1938, to April 29, 1939. It is on this policy that the plaintiffs' claim is based. It is undisputed that when the first policy was issued it covered Soden and a 1935 model Plymouth and the automobile was correctly described therein. The policy issued for the year beginning April 29, 1938, contained the same description of the automobile as had been contained in the policies of the two preceding years.

The first page of the policy contains the declarations and recites seven "items" including the name and address of the insured, his occupation, the policy period, the coverages, limits of liability and premiums, the purposes for which the automobile is to be used, a statement as to ownership of the automobile, and a statement as to any automobile insurance issued to the named insured cancelled by any other insurer during the past year. One of the "items" also provides for the description of the automobile.

Page two of the policy contains the insuring agreements and page three of the policy contains the conditions thereof. The insuring agreements contain the following provision: "To pay on behalf of the insured all sums which the insured becomes obligated to pay by reason of the liability imposed upon him by law for damages * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance, or use of the automobile."

Among the conditions of said policy appears the following statement, "Except where specifically stated to the

contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semitrailer described herein; and the word trailer shall include semitrailer. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but as respects limits of bodily injury liability and property damage liability, a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile."

Soden purchased this policy through an insurance broker. It is admitted by the plaintiffs that in sending the policies, the broker wrote Soden asking him if the policies were in order and requesting information should there be any changes desired.

It appears that Soden owned only one automobile during the entire time that this policy was in force, namely the 1937 Plymouth four-door sedan, engine No. P4-38159 and serial No. 10115840, and it appears that he was driving this automobile at the time of the accident. It is established by the evidence that the year model of the car is of no importance in determining the rate charged for the policy, and it is also established that the premium rate was the same as if the number of Soden's car had been correctly stated in the policy.

The Appellate Court in its decision held that the policy did not insure Soden in the operation of any automobile. Appellee contends that it is not liable because, for the following reasons, its policy did not cover the automobile which caused the deaths: (1) the insured having accepted the policy was bound by its terms; (2) the automobile described was not the one involved in the accident; and (3) the improper description of the motor vehicle was not merely an error in the description, but was an indication of an intent by the insurance company to insure an automobile other than the one involved in the accident.

The appellee also contends that the question involved is one of fact and not subject to review by this court. The appellants contend that the Appellate Court erred, as a matter of law, in holding that the incorrect motor and serial number in the declaration avoided the policy.

At the trial practically all of the evidence admitted was undisputed. The case presents to this court a question of law, namely, does an error or a misstatement of motor number, serial numbers and year of model contained in the declarations avoid a policy of automobile public liability and property damage insurance? There is no question of fact involved.

In determining the question of law, it is not only necessary to consider item 4 of the declarations, but to consider all other declarations appearing on the policy. It appears from the reading of the declarations, together with the rest of the policy, that the purpose of the declarations is two-fold: (1) to set forth the type of coverage, limits of liability and premiums to be received by the company therefor; and (2) to advise the company of sufficient facts concerning the identity of the insured and the automobile covered by the policy so that the company will know for what it is making and receiving the premium charges contained in the declaration.

From reading the declarations in this policy, it appears that Wilbur Soden, whose address was 751 West Sixtieth street, Chicago, Illinois, was to be insured under said policy from April 29, 1938, to April 29, 1939, for bodily injury liability amounting to $5000 for each person and $10,000 for each accident and property damage liability of $5000 for each accident. It further appears that his occupation was in some way related to the "Joslyn Mfg. & Supply Co." There were seven blanks to be filled in regarding the description of the automobile. The first blank is entitled "year model." This is filled in "1936." The next one is "trade name." This is filled in "Ply-

mouth." The next one is "type of body and load capacity." This is filled in "sedan." The next one is "Motor No. •(M)" and "Serial No. (S)." This is filled in 2481012 and PJ-121860. The next is "No. Cyls." This is not filed in. The next is "model." This is filled in "2-dr." The next is "Over all length of trailer." This is not filled in.

From the reading of the declarations, the insurance company would not be able to. tell exactly what Soden's occupation was, because all that it states in answer to that question is "Joslyn Mfg. & Supply Co." The insurance company could not tell how many cylinders the automobile had nor could it definitely tell which of the two numbers was the motor number and which the serial number, because it could appear from the policy that the letter "M" was to be placed with the motor number and the letter "S" was to be placed with the serial number. The insurance company would likewise be unable to tell the load capacity of the car, and the insurance company would be unable to tell whether or not there was a trailer intended to be covered by this policy. Neither could the insurance company tell whether the declaration as to year model meant the year in which the car was built or the year in which it was sold. At least there could be some technical grounds for a dispute over each of these items.

In interpreting this contract, it is incumbent upon the court to determine whether or not the insurance company could, from the declarations, be reasonably apprised of the identity of the insured and the automobile covered by the policy. The company has not contended that it was unable to know who the insured was. We assume, therefore, that the company knew or could reasonably know the identify of the insured even though his occupation is not stated fully.

Next we pass to the identity of the automobile. We are apprised of three things regarding the identity, namely, that the car was a 1936 Plymouth sedan, two-door model.

The question arises was the car built in 1936 or was it built in 1935 for sale in 1936? This is a question over which there could be much dispute, as there could be over the motor number and serial number being interchanged. No objection is made by the insurance company that the load capacity and number of cylinders of the car had been omitted from the declaration, and since no objection was made on that ground, we can assume that the insurance company did not regard those factors as important in determining the identity of the car. The car which was in this accident has been proved to be a car built in 1936, and has been proved to be a Plymouth, and has been proved to be a sedan, but the motor number and serial number are entirely different from the numbers stated in the insurance policy, and the car is a four-door rather than a two-door. Considering the findings of fact as made by the Appellate Court to be true, we believe as a matter of law that the insurance company could with reasonable accuracy determine whether the car driven at the time of the accident was the car covered by the policy.

We do not find that this court has been called upon to pass upon the exact question presented by this record, but very similar cases have arisen in foreign jurisdictions. From an examination of those decisions and standard textbook authorities, we conclude the weight of authority to be that where the insured owns only one car at the date of issuance of a policy, and that car is involved in an accident, inaccuracies in the statement of the motor and serial numbers in the policy will not relieve the insurer of liability.

The recent case of *Fucaloro* v. *Standard Surety & Casualty Co.* 225 Ia. 437, 280 N. W. 605, decided by the Supreme Court of Iowa in 1938, involves a situation very similar to that of the case at bar. In that case Branner was the owner of a 1933 model Plymouth on which he carried liability insurance, which insurance was negotiated

through his employer. This car was traded by Branner for a 1935 Plymouth prior to May, 1935, and he notified his employer of the change of cars so that the employer could forward the information to the insurer. A new policy was issued by the insurance company and in the description contained in the policy, although the car was described as a 1935 model, the serial and motor numbers of the 1933 model were inserted. During the term of this policy, an automobile accident arose against Branner and the insurance company contended there was no coverage, because of the incorrect numbers stated on the policy. The court held that there was a coverage under the policy even though the wrong motor and serial numbers had been given, since that was merely a misdescription which could be cured by other testimony. It may also be noted that in that case the court concluded it was unnecessary to reform the policy before commencing an action at law. That court stated the motor and serial numbers are only a part of the description of the automobile and if it is otherwise sufficiently identified a mistake in the serial and motor numbers would not prevent a recovery on the policy.

Another case quite comparable to the case at bar is *Reimers* v. *International Indemnity Co.* 143 Wash. 193, 254 Pac. 852, decided by the Supreme Court of Washington in 1927. In this case the liability insurance policy covered a truck with a certain engine number and chassis. During the term of the policy the insured purchased a new motor and chassis and transferred the old truck body to the new chassis. The old chassis and motor were discarded. When a subsequent policy was issued, the numbers on the policy were the same as the numbers on the old truck. During the term of this second policy the truck was involved in an accident and the insurance company disclaimed liability on the ground that the policy did not cover the truck involved in the accident. The Supreme Court of Washington held that the truck was cov-

ered by the policy and the court said that the truck was not insured but that the owner thereof was insured against liability which might be incurred by him through the operation of the truck. It was pointed out that, if the owner had only one truck and operated only one, the same was covered without reference to the year of its manufacture or the number of its engine. See also *St. Paul Mercury Indemnity Co.* v. *Long,* 85 Fed. (2d) 848; *Douglas* v. *Insurance Co. of North America,* 215 Mich. 529, 184 N. W. 539; *Wyman* v. *Security Insurance Co.* 202 Cal. 743, 262 Pac. 329; *Lorenz* v. *Bulldog Automobile Insurance Ass'n,* 277 S. W. (Mo.) 596; Blashfield's Cyclopedia of Automobile Law, Vol. 6, secs. 3573 and 3574; Sunderlin on Insurance, sec. 177.

The garnishee has cited several cases to the effect that a misdescription or misstatement of the automobile avoids the policy. However, upon a careful reading of those cases, they appear to be distinguishable from the case at bar, either on the ground that they deal with fire and theft policies or cases where the insured attempted to have the coverage afforded by a liability policy extend to another car purchased by the insured subsequent to the date of the issuance of the policy without notifying the company of the change in the vehicle insured.

It has been contended by counsel for the garnishee that it was the intention of the insurance company to cover the 1935 automobile originally owned by Soden. However, there is no evidence that such was the intention, and it could be as easily said that it was appellee's intention to cover the only automobile owned by Soden as it was its intention to cover the 1935 automobile. It has also been urged that it was appellee's intention and Soden's intention to insure and to cover only the car described in the policy. Such a construction is unreasonable because there was no such car, and it is conclusively presumed that

neither the insurance company nor Soden would ever intend to insure or cover a car which did not exist.

We feel that the declarations contained in the policy were sufficiently definite and certain to identify the insured and the car intended to be insured. In the event the policy was a fire or theft policy, a different identification might be required since the rate of premium charged for fire and theft might be different for the various models of automobiles.

For the reasons advanced, the judgment of the Appellate Court is reversed and the judgment of the circuit court of Cook county is affirmed.

*Appellate Court reversed; circuit court affirmed.*