STEELE H. RATLIFF, DOING BUSINESS AS RATLIFF & RATLIFF, v.
VIRGINIA SURETY COMPANY, INC.

(Filed 24 May, 1950.)

**1. Insurance § 43c—**

A vehicle covered by a policy of liability insurance may be identified as between the parties not only by the motor and serial numbers entered on the policy but also by descriptive insignia resorted to in the policy, or, in case of an ambiguous description, by evidence *aliunde*, and this without resort to the equitable doctrine of reformation for mutual mistake or fraud.

**2. Same—**

The complaint alleged in effect that insured owned but two White Tractors, one of which had been scrapped for junk at the time the policy was issued, and that the other was involved in the collision in suit, but that through mistake the motor and serial numbers of the scrapped vehicle were entered in the policy instead of those of the vehicle in use, and that the vehicle in use was the one actually insured. *Held:* Demurrer to the complaint was improperly sustained, since, as between the parties, insured is entitled under the allegations of the complaint, admitted by the demurrer, to attempt to identify the property insured by other descriptive insignia contained in the policy and by evidence *aliunde*. G.S. 58-30.

DEFENDANT'S appeal from *Phillips, J.*, heard on demurrer in Rockingham, N. C., January 28, 1950, from ANSON Superior Court.

In the court below the defendant filed a written demurrer to the complaint as not stating a cause of action. The demurrer was overruled; and

the correctness of this ruling was the only question raised on appeal. This statement is addressed to that question.

Omitting reference to more formal parts of the complaint and sum-marizing it where critical points are involved, plaintiff's grievance is thus summarized:

He complains that he owns several trucks, which he was using in his trucking business, all of which he insured with the defendant, paying him therefor a premium in the sum of $3,812.64; that among these trucks was a 1937 model White truck for which, along with the other trucks mentioned, he had applied for and received a public liability insurance policy issued by the defendant, insuring against liability arising out of collision or other source of injury from use of any of said trucks; that on 27 June 1947, the aforesaid White truck was in collision with the car of another person, causing liability on the part of plaintiff; that plaintiff notified the surety company of the facts of the said collision and was in-structed by it to immediately notify certain agents of the said defendant in Columbia, South Carolina, which he did; and through said agents defendant took in charge the adjustment or settlement of the claim and the further handling of the matter; and that upon the advice of the said agents of the defendant, plaintiff paid the sum of $2,000 to the claimants and was compelled to pay court costs; storage charges on the truck; the sum of $250 for attorney's fees, and $200 for local counsel, for all of which he contends, the defendant was liable on its insurance contract; that after the settlement of aforesaid claims and the payments made by the plaintiff thereon, the defendant on October 7, 1947, refused to pay any-thing on the policy, basing its denial of liability on the contention that the White truck of the plaintiff involved in the collision of June 27 did not bear the serial numbers listed in the policy of insurance.

The plaintiff then instituted the present action.

With respect to the serial numbers and motor numbers on the White truck alleged to have been insured by the defendant the complaint con-tains the following:

"4. That the first among several units listed for coverage was described as follows:

"Year-Model — 1 - 1937
Trade Name — White Tractor
Motor No. — 30A 77
Serial No. — 199335
B. I. — 324.88
P. D. — 96.8

"That the plaintiff had owned a unit which had the identical description as the above described unit which was covered by the

insurance of the defendant in its original endorsement, but that the unit which answered the above description was completely demolished, in an accident in the vicinity of Hyattsville, Md., on or about the 6th day of June 1947, so that it was necessary to haul it back to Wadesboro, North Carolina, on a trailer and to put it with other junk equipment on the yard of the plaintiff, and was never again operated after June 6, 1947, but was stripped of its parts, and such parts used as could be salvaged. That the plaintiff had never owned but two units of a year model and trade name "1937 White Tractor," that one was the 1937 White tractor involved in the wreck on June 6, 1947, and referred to above, And the other had the motor No. 20 A 442, Serial No. S-211678-750-TC, which said 1937 White Tractor the plaintiff operated on June 27, 1947, and was the only 1937 White Tractor then being operated by the plaintiff, or which he had ever owned and operated other than the one involved in the wreck of June 6, 1947."

"That it was by inadvertence on the part of the plaintiff that the serial number and motor number of the wrecked 1937 White Tractor was furnished to the defendant and that the plaintiff intended to give the serial number and motor number of the 1937 White Tractor, which he was operating at the time the aforesaid insurance policy was issued, the motor and serial number of which was listed in the above referred to insurance policy, and that the plaintiff did not at the time nor any time after intend that the wrecked 1937 White Tractor be insured. That the plaintiff, in fact, insured the 1937 White Tractor which he was operating on June 27, 1947, and only inadvertently gave the serial number and motor number of the 1937 White Tractor which was demolished on June 6, 1947."

The defendant filed a written demurrer to the complaint, as not stating a cause of action, upon the ground that the truck alleged to have been involved in the wreck of June 27, 1947, was not embraced in the policy of insurance; basing this upon the reason that it appears upon the complaint that the motor and serial numbers of the truck were not correct and were not those listed on the policy in the description of the truck with respect to which the plaintiff brought this action; and that the information respecting the said serial numbers had been given by the plaintiff and the mistake, if any, was his own, and not that of the defendant.

The trial judge overruled the demurrer, and defendant appealed.

*Taylor, Kitchin & Taylor for plaintiff, appellee.*
*Bynum & Bynum for defendant, appellant.*

SEAWELL, J.   The crux of appellant's defense lies in the assumption that the motor and serial numbers endorsed· on the policy in the description of the White truck which was the subject of the insurance constitutes the whole and only description in the policy and that the truck is therefore unidentifiable.   Obviously the defendant could not succeed in avoiding the policy if the subject of the insurance was identifiable, as *between the insured and the insurer,* by other descriptive insignia that may be resorted to in the policy of insurance, or which might in the case of an ambiguous description be shown by evidence *aliunde.*   In that event it seems clear upon the face of this record that there is no necessity of resort to the equitable proceeding of alleging and proving a mutual mistake; because the defective description does not extend to any matter fundamental to the scope of the liability or the rate of premium which the plaintiff paid for and defendant received under the policy.

The ambiguity here consists in the fact that the motor and serial numbers endorsed upon the policy were those of a truck formerly owned by the insured but which at the time of the insurance was a dismantled wreckage incapable of use of any sort upon which risk or liability could attach under the policy,—a wreck from which the usable parts had been taken away.   We think this makes it clear that if the incorrect numbers had not been those of another car theretofore owned by plaintiff, it might readily be conceded that the partial misdescription would not be such a defect as to defeat recovery.   G.S. 58-30, cited *infra.*

The defendant cannot argue that the ambiguity thus raised will subject it to danger from liability from the use of a car bearing the listed numbers, and at the same time argue that no ambiguity exists which might be explained by evidence *aliunde,* as in any other sort of contract.

The demurrer admits the truth of all the allegations of the complaint; and among them the truth of all the allegations of other identifying marks of description or insignia by which the truck, the subject of the insurance, could be identified; and with this acknowledges whatever right the plaintiff may have to use extraneous evidence in identification should it become necessary.   There is little doubt about the effectiveness of this principle *inter partes.*

With technicalities stricken out for the moment, we find the gist of plaintiff's cause of action lies in the fact that he and the defendant Casualty Company joined in a mutual contract for liability insurance on a live and usable car, then owned by plaintiff, a 1937 Model White Truck, with the immediate expectation that it would be used in service, and by such use might become a source of liability,—a risk which the insurer assumed, and for which the insured paid.   There is no possibility of a unilateral mistake so far.   The defendant could not commend itself to a sense of common fairness or add much credit to the business practices

of the company by denying this, and contending that it was the mutual intent of the parties to contract for liability insurance on a piece of junk or wreckage which had been at the time of the insurance stripped of all usable parts, and demand for such service the payment of a substantial premium.

The demurrer admits that there were only two White trucks concerned in this controversy: The one above described as a 1937 model White truck then owned by the plaintiff, and a former truck of that description which had become defunct. The live terms used in the insurance policy, the ownership of the car, its make and other correct descriptions in the policy, and all the circumstances surrounding the making of the contract, become vital and distinctive as identifying parts of the description,— and those most nearly connected with the liability and risk undertaken and the security purchased by the payment of the premium.

Appellant, therefore, cannot proceed on the assumption that the serial numbers mentioned constitute the entire description of the truck insured in the policy. If this were true the description might be so material as to be vital; because the truck would then be unidentifiable except for the figures. That is not the case. The parties did not agree on an abstraction,—a floating insurance, to hover over and descend upon any car having these numbers; or, to put it as the plaintiff does in his brief, the defendant did not insure a number. The insurance was on a concrete, tangible, existing thing, identifiable by the other description; and as we have said, it does not call for equitable correction, since it does not call into question any fundamental consideration affecting either risk or coverage such as was considered in *Coppersmith v. Ins. Co.,* 222 N.C. 14, 21 S.E. 2d 838. (This case related to a deductible clause for $1,000 alleged to have been put in the insurance by fraud of defendant and by mutual mistake.) See provisions of G.S. 58-30 (Chapter 58, Insurance) : "All statements or descriptions in any application for a policy of insurance *or in the policy itself* shall be deemed representations and not warranties; and a representation, unless material or fraudulent, will not prevent a recovery on the policy."

*Rudd v. Casualty Company,* 202 N.C. 779, 164 S.E. 345, supports the position of the plaintiff; and under the facts of this case evidence *aliunde* may be admitted to clarify the ambiguity produced by the use of wrong motor and serial numbers used in the description. We think that justice lies with the plaintiff and thus far is not inconsistent with law.

The case of *Kostecki v. Zaffina,* 384 Ill. 192, 51 N.E. 2d 152, is pertinent, and we think correctly reasoned. In that case there was a similar contention of the conclusiveness of the motor and serial numbers as fixing the identity of the trucks concerned; and the holding in that case merits

our approval. See also *Fucaloro v. Standard Surety and Casualty Co.,* 225 Iowa 437, 280 N.W. 605, and other cases therein cited.

We are not at this moment concerned as to what may be revealed when the case is tried. The complaint is sufficient to survive the demurrer. The judgment overruling the demurrer is

Affirmed.