CONRAD C. HOFFMEIER AND EUGENE HOFFMEIER, TRADING, &c., AS C. C. HOFFMEIER & SON, PLAINT-IFFS AND APPELLANTS, v. HENRY TROST, DEFEND-ANT AND APPELLEE.

Argued June 4, 1912—Decided December 4, 1912.

1. A matter is not *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, the quality of the persons for and against whom the claim is made, and the judgment in the former action be so in point as to control the issue in the pending one.

2. A proper test in determining whether a prior judgment between the same parties concerning the same matters is a bar to a subsequent action, is to ascertain whether the same evidence which is necessary to sustain the second action would have been sufficient to authorize a recovery in the first; if so the prior judgment is a bar. But if the evidence offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the other suit.

---

On appeal from the Second District Court of Jersey City.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellants, *George D. Hendrickson.*

For the appellee, *J. Emil Walscheid.*

The opinion of the court was delivered by

TRENCHARD, J. This suit was brought in the District Court to recover $475 claimed to be due the plaintiffs below under a stop notice given pursuant to section 3 of the Mechanics' Lien act (*Comp. Stat., p.* 3294), and was tried before the judge without a jury.

On March 5th, 1910, the defendant entered into a written contract with one Waldons for the construction of a building. The contract was filed in the county clerk's office. On March 18th, 1910, Waldons entered into a subcontract with the plaintiffs for the plumbing and heating work. There became due the plaintiffs on such subcontract the sum of $1,375. After demand upon Waldons, and his refusal to pay, the plaintiffs, on October 10th, 1910, served a notice in writing on the defendant, as owner, of the amount due them, and for the retention thereof, under section 3 of the Mechanics' Lien act (*Comp. Stat., p.* 3294), from any moneys due to Waldons from the defendant. On December 17th, 1910, the defendant paid the plaintiffs $900, on account of their claim, leaving a balance of $475, for which this suit is brought.

The trial judge gave judgment for the defendant upon the ground that the matter was *res adjudicata.*

We think that action erroneous.

It is true it appeared at the trial that the plaintiffs had previously brought suit in another District Court, *based upon a contract alleged to have been made on July 29th, 1910,* to pay for the same labor and materials, and that judgment in that suit was rendered for the defendant.

But a matter is not *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, the quality of the persons for and against whom the claim is made, and the judgment in the former action be so in

point as to control the issue in the pending one.  *Mershon* v.
*Williams,* 34 *Vroom* 398.

A proper test in determining whether a prior judgment be-
tween the same parties concerning the same matters is a bar
to a subsequent action is to ascertain whether the same evi-
dence, which is necessary to sustain the second action, would
have been sufficient to authorize a recovery in the first; if so,
the prior judgment is a bar.  But if the evidence offered in the
second suit is sufficient to authorize a recovery, but could not
have produced a different result in the first suit, the failure
of the plaintiff in the first suit is no bar to his recovery in the
other suit.  23 *Cyc.* 1158.

Applying that test to the case in hand, it is plain that the
former judgment for the defendant is not a bar.  As we have
pointed out, that suit appears to have been based upon *a con-
tract alleged to have been made on July 29th, 1910,* to pay for
the labor and materials bestowed upon the building.  That
alleged contract had no relation to any rights which may have
accrued to the plaintiffs under the Mechanics' Lien act.  In
the present action recovery is sought by reason of a stop notice
given under the Mechanics' Lien act, not under the alleged
contract upon which the first suit was based.  Obviously, the
proofs which justified (nothing else appearing) a recovery by
force of section 3 of the Mechanics' Lien act would not have
authorized a recovery for the plaintiffs in the first suit.

It follows, therefore, that the judgment under review can-
not be sustained upon the ground stated by the trial judge.

Nor does the record disclose any other ground upon which
it can be sustained.

Whether the plaintiffs may recover on a new trial will, it
seems likely, depend upon a proper determination of several
questions, among others, the question of blended law and fact
respecting whether the plaintiffs, as is contended, made a valid
agreement on December 17th, 1910, to prorate their claim,
and, if they did, its effect upon their claim.

The judgment below will be reversed and a new trial
awarded.