GEORGE MILLER, RESPONDENT, v. GUSTAV M. KUTSCHIN-SKI, PROSECUTOR.

Submitted July 3, 1918—Decided November 18, 1918.

The act concerning forcible entry and detainer does not confer the right upon a tenant to bring an action, under that act, against his landlord for failing to deliver possession of premises demised to the tenant.

On *certiorari* removing judgment of the District Court of the First Judicial District of North Hudson.

Before Justices PARKER and MINTURN.

For the prosecutor, *Clarence Kelsey.*

For the respondent, *Charles W. Kappes.*

The opinion of the court was delivered by

MINTURN, J. The suit was in the nature of a forcible entry and detainer; its distinctive variation being that the parties were reversed, *i. e.,* the tenant sued the landlord for

failing to deliver possession of the demised premises, and attempts to sustain his action under the provisions of the act concerning forcible entry and detainer. *Comp. Stat., p.* 2598.

The complaint alleges the agreement of hiring of a dwelling-house in the township of North Bergen, and the payment of one month's rent thereunder, and then proceeds to allege the placing by the defendant of a padlock on the apartment door, and the use of force and threats to prevent the plaintiff from taking possession; also notice by plaintiff of a demand for possession served upon the defendant; and then concludes that defendant "willfully with force and strong hand holds and keeps possession," by reason whereof he is guilty of unlawful detainer.

The jury found defendant "guilty of unlawful detainer whereof the complainant hath charged him," and judgment was accordingly entered.

The jurisdiction of the District Court to entertain such a suit is challenged *in limine,* but we do not deem it necessary to pass upon that question, since the more fundamental inquiry is presented whether the statute giving the right of action concedes a similar right to one occupying the legal status of this plaintiff.

The district courts are specifically given jurisdiction of this class of actions by the statute creating them. *Comp. Stat., p.* 1962. Whatever legal basis for a claim of this nature the plaintiff has, as a tenant against his landlord, must be found in the statute creating the right of action; for concededly at common law his action *civiliter* was in trespass *quare clausum fregit,* ejectment or case. *Butts* v. *Voorhees,* 13 *N. J. L.* 13.

The fifth section of our statute concedes the right and remedy to a "landlord or landlords, lessor or lessors, or the person to whom the remainder or reversion" of the *locus in quo* shall belong.

The defendant in the action is defined to be, "A tenant or tenants for a term of life or lives, year or years, or other

person or persons who are or shall be in possession" of the *locus in quo.* Manifestly this record presents a situation of the reverse order, and without considering the other questions presented in the briefs, the conclusion must be obvious that the case, as one of unlawful detainer, was *coram non judice.*

In the language of Mr. Justice Elmer, in *Houghton* v. *Potter,* 23 *N. J. L.* 338, 341, "The object of the statute was to give a summary and easy remedy to a landlord whose possession was unlawfully detained from him." Also *Barnes* v. *Nicholson,* 2 *Id.* 307.

The judgment will be reversed.