MARGARET BERGIN, RESPONDENT, v. MAE GANLEY, APPELLANT.

Submitted May 29, 1930—Decided May 18, 1931.

For the appellant, *Edward A. Markley*.

For the respondent, *Charles H. Roemer*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present suit was brought in the Supreme Court by Margaret Bergin, the plaintiff, to recover from the defendant compensation for injuries suffered by her in a collision between a car which was being driven by the defendant and a car in which the plaintiff was riding. The trial resulted in a verdict in favor of the plaintiff, and the defendant has appealed from the judgment entered thereon.

The suit was instituted in July, 1929, the defendant filing her answer to the complaint about the middle of September. After the case was at issue and had been listed for trial the defendant applied to the court for leave to file an amended answer setting up that she had instituted a suit in the Passaic District Court against the plaintiff, Margaret Bergin, to recover damages for personal injuries sustained by her arising out of the automobile collision upon which the plaintiff's cause of action is based, and that the suit thus instituted by her was tried on the 29th of November, 1929, and resulted in a judgment in her favor, and that this judgment is *res adjudicata* as to the matters involved in the present suit and a bar to any action by the plaintiff against her. The court refused to permit the proposed amended answer to be filed, and this refusal is the sole basis upon which this appeal is rested.

It may be conceded that a judgment recovered in a court of competent jurisdiction is *res adjudicata* as to a suit subsequently begun in another court involving the same facts and the rights and obligations of the respective parties resulting from those facts. But, although this may be considered to be a settled principle of law, an inferior court cannot deprive a higher tribunal of its jurisdiction to hear and determine

a suit pending therein by taking cognizance of the same cause of action in a suit begun subsequent to the institution of that pending in the higher court. To hold otherwise would be to declare that the Supreme Court can be deprived of its jurisdiction in any cause of action based upon tort by the subsequent institution, by a defendant professing to have a counter-claim, of a suit in a District Court, or before a justice of the peace holding court in a judicial district where no District Court has been established, involving the same facts and the rights of the respective parties arising therefrom, provided a judgment is recovered in such inferior tribunal before the action instituted in the Supreme Court has been tried out and determined. In our opinion, the Supreme Court, once having obtained jurisdiction of the parties and the subject-matter, cannot be deprived thereof by any such procedure.

There is no suggestion contained in the proposed amended answer that the suit in the Passaic District Court was instituted before the present action was brought in the Supreme Court; and, this being so, the presumption is to the contrary, for it is a well-settled rule of pleading that where there are two intendments, that one will be taken which is most against the party pleading. *Stephens & Condit Transportation Co.* v. *Central Railroad Co. of New Jersey*, 33 *N. J. L.* 229; *Hanford* v. *Duchastel*, 87 *Id.* 205. Under the rule just stated, it is to be presumed that the suit in the Passaic District Court was not instituted until after the present action was brought in the Supreme Court, and, this being so, for the reasons stated, we conclude that there was no error in the refusal of the trial court to permit the amended answer to be filed.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—LLOYD, DONGES, JJ. 2.