LOUIS GRAND, PROSECUTOR, v. JOSEPH FRIEDLANDER, RESPONDENT.

Argued October 3, 1934—Decided February 26, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Daniel D. Loeb*.

For the respondent, *Harry Kay*.

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* (Section 106, District Court act), brings up for review the proceedings had, in the First District Court of the city of Jersey City, wherein Joseph Friedlander, a tenant, charged his landlord, Louis Grand, with the violation of the provisions of the act concerning forcible entry and detainer and more particularly, sections 95, 96 and 97 thereof (District Courts, 2 *Comp. Stat.* 1709-1910, *p.* 1984), which proceedings resulted in favor of the tenant.

It is urged, *in limine,* that the District Court was without jurisdiction to hear the cause for the reason that an action for forcible entry and detainer cannot be instituted by a tenant against his landlord.

In support of that contention prosecutor relies on a line of cases of which *Miller* v. *Kutchinski,* 92 *N. J. L.* 97; 105 *Atl. Rep.* 20, and *Houghton* v. *Potter,* 23 *N. J. L.* 338, are typical.

Before proceeding to the consideration and determination of this contention, which in our opinion is untenable, it is of importance to make the following observation. It is this: The prototype of sections 95 to 99, inclusive, of the District Court act in forcible entry and detainer cases are sections 1 to 5, inclusive, of the act entitled "An act concerning forcible entries and detainers" (Rev. 1877, page 429; 2 *Comp. Stat.* 1709-1910, *p.* 2598), and that section 5 of the last mentioned statute corresponds to section 99 of the District Court act.

With these observations, plus the fact that the proceedings in the instant case were instituted under sections 95 to 97 of the District Court act, a mere reading of the acts indicates that the contention of the prosecutor is without merit. Under section 5 of the act, Revision of 1877, concerning forcible entries and detainers, it is provided "that if *any tenant* * * * holds over any lands * * * he shall be guilty of an unlawful detainer." Whereas, in sections 96 to 97 of the District Court act the proceedings are not so restricted. They are directed in each instance to proceedings against "*any person.*" See *Seidman* v. *John Craven & Sons Co.,* 6 *N. J. Mis. R.* 1062; 143 *Atl. Rep.* 726.

It is true that in the case of *Miller* v. *Kutchinski, supra,* this court held that, since the object of the act was to give a summary and easy remedy to a landlord whose possession was unlawfully detained from him (*Houghton* v. *Potter, supra*), the act concerning forcible entries and detainers (Revision of 1877), does not confer the right upon a tenant to bring an action against his landlord for failing to deliver possession of the premises demised to the tenant. But, a careful

reading of this case clearly discloses that the court was treating of section 5 of the act of 1877 concerning forcible entries and detainers. The complaint in the instant case, as already pointed out, was not based on this latter act or section 5 thereof. It was based on sections 95 to 97 of the District Court act.

The District Court, in proper cases, has the unquestioned jurisdiction to entertain forcible entry and detainers cases at the instance of a tenant against his landlord. *Mairs* v. *Sparks*, 5 *N. J. L.* 513; *Bennett* v. *Montgomery*, 8 *Id.* 59; *Mercereau* v. *Bergen*, 15 *Id.* 244; *Seidman* v. *John Craven & Sons Co.*, *supra*.

It is next urged that the judgment should be set aside because the court erred in accepting from the jury a general verdict for the plaintiff.

In this respect section 103 of the District Court act is, of course, controlling. It must be observed. *Funkhauser* v. *Colloty*, 67 *N. J. L.* 132; *Marquez* v. *Bovero*, 101 *Id.* 29. The state of the case does show that the jury returned a verdict, which was polled, for the plaintiff. But the return to the writ, which has not been challenged, discloses that the jury found "a verdict in favor of Joseph Friedlander, plaintiff, for restitution and that the plaintiff be restored to the land which defendant is found guilty of forcibly entering and detaining from him." This return appears to be in full compliance of the provisions of the act, section 103, relating thereto and is free of the vice pointed out in the cited cases on this point. The attack on the judgment must, therefore, fail.

And finally it is urged that the District Court improperly assumed jurisdiction in view of the pendency of an action in ejectment in the Supreme Court, and a suit in chancery, both of which are between the same parties and in each, it is said, although the details of said suits are not before us, there is involved the right of possession to the premises in question. *Grainger* v. *Farrell*, 110 *N. J. L.* 585; 166 *Atl. Rep.* 292; *Bergin* v. *Ganley*, 107 *N. J. L.* 242; 154 *Atl. Rep.* 731; *Robb* v. *Shore Bus Transportation Co.*, 10 *N. J. Mis. R.* 458.

We do not deem it necessary to consider this objection beyond marking the fact that prosecutor utterly failed to raise this point below. The court did, of course, have jurisdiction of the subject-matter and of the parties. Nor do we overlook the proofs which reveal, as has been indicated, that other suits between the parties were pending. But counsel limited the effect of that proof, brought out on cross-examination, to the extent of testing the credibility of the plaintiff. There was not even a suggestion offered that those suits in anywise impaired the jurisdiction of the court below. Moreover, the concluding portion of section 106 of the District Court act provides:

"* * * that neither the judgment nor anything in this act shall bar or prevent the party injured from bringing action of trespass or other action against the aggressor or party offending."

Judgment is affirmed, with costs.