## ST. PAUL MERCURY INDEMNITY CO. OF ST. PAUL v. LONG et al.

### No. 5866.

Circuit Court of Appeals, Third Circuit.

Sept. 11, 1936.

John A. McKenna, of Newark, N. J. (Herbert Plaut, of New York City, of counsel), for appellant.

Quinn, Parsons & Doremus, of Red Bank, N. J. (Theodore D. Parsons, of Red Bank, N. J., of counsel), for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court in favor of the plaintiff Long for $7,148.78, and for the plaintiff Fleming for $5,174.53.

On October 8, 1930, Long and Fleming were riding in Long's automobile when it was struck by a truck belonging to the Long Trucking Company. The trucking company has no connection with the plaintiff Long. The plaintiffs instituted suit against the trucking company in the Monmouth county common pleas court of New Jersey, to recover for personal injuries and damage to the automobile. Long was awarded a judgment for $5,783, and Fleming for $4,442 against the trucking company on July 22, 1931. The plaintiffs thereupon obtained a writ of execution which was returned, marked "nothing found," by the sheriff, acting upon advice of counsel for the plaintiffs, and without making any real investigation into the assets of the trucking company.

The plaintiffs commenced suit in the Supreme Court of New Jersey against the appellant in October, 1931. The action was removed to the federal District Court in November, 1931, and came on for trial before Judge Clark and a jury on June 8, 1932. The defendant contended: First, that the truck involved in the accident was not the one covered by the policy of insurance; second, that if the policy did cover this truck, the policy was void because the trucking company held the trucks upon a conditional sales, or lease, basis, and consequently it was guilty of a breach of the warranty in the policy requiring that the sole and unconditional ownership of the automobile be in the insured; and, third, that the trucking company was not insolvent, and hence the return of the writ of execution unsatisfied did not comply with chapter 153, Laws New Jersey 1924, P.L. p. 352 (Comp.St.Supp.1924, N.J. § 99—90e), which requires, as a condition precedent to the maintenance of this type of action, that the return of the sheriff of the execution unsatisfied be by reason of the insolvency or bankruptcy of the assured.

Toward the end of the first day of the trial the court declared: "I cannot see any question for the jury in any of the testimony that has been taken today. I haven't seen any issues of fact. * * *" To this the defendant agreed, but counsel for plaintiffs protested that the question of insolvency was based upon questions of fact, which were for the jury to decide. The court then asked: "Well, will you agree to make it simple, to leave to me the question of solvency?" To this the defendant agreed, but the plaintiff did not say anything. Thereupon the jury was dismissed and no exception was taken to this action. The trial was then adjourned sine die. In February, 1934, the defendant offered additional evidence, which was received. In September, 1934, the parties presented further evidence to the court. In March, 1935, Judge Clark handed down his decision, by letter, in which he found for the plaintiffs upon all questions and judgment was entered thereupon.

█ The primary question is whether or not this court has the power to review the findings of the District Court. Congress has provided that issues of fact in civil cases may be tried and determined without a jury whenever the parties or their attorneys agree to waive the jury by a written stipulation filed with the clerk, or by oral stipulation made in open court and entered in the record. 28 U.S.C.A. § 773. This does not imply that a jury may not be waived without conforming to these statutory requirements, but the Supreme Court has repeatedly held that if these requirements are not complied with, the hearings before the District Court are in the nature of a submission to an arbitrator and the court's

determination of the issues of fact cannot be reviewed on appeal. Kearney v. Case, 12 Wall.(79 U.S.) 275, 20 L.Ed. 395; Bond v. Dustin, 112 U.S. 604, 5 S. Ct. 296, 28 L.Ed. 835; Campbell v. United States, 224 U.S. 99, 105, 32 S.Ct. 398, 56 L.Ed. 684; Duignan v. United States, 274 U.S. 195, 198, 199, 47 S.Ct. 566, 71 L.Ed. 996.

The appellant, however, contends that the procedure adopted in the present case is more akin to a request by both parties to a directed verdict, rather than a case in which the parties before trial agree to waive a jury. But none of the formalities, for either of these methods of taking the case from the jury, were complied with. It does appear, however, from the record that Judge Clark warned counsel that a written stipulation should be filed. It should be said that the learned trial judge understood the action of the parties to be a waiver of the jury, and this was a fair and logical conclusion· to be drawn from their actions at the time. But since counsel disregarded the directions of the court and did not file a written stipulation and no oral stipulation was made in open court and entered in the record, the determination of the issues by the judge was that of an arbitrator and may not be reviewed on appeal.

However, if we are in error in this, the result will be the same, for the decision of the District Court was correct and should be affirmed on the merits, as we later show.

■ The appellant contends that the truck involved in the· accident was not the one covered by the policy. Whether or not this is true, the question was one for the jury. Knabe v. Independence Indemnity Co., 144 A. 179, 7 N.J.Misc. 93; Lorenz v. Bull Dog Automobile Ins. Association, of Chicago (Mo.App.) 277 S. W. 596; Belt Automobile Indemnity Association v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787, 791. If the procedure adopted in the court below should be interpreted as a dismissal of the jury after motions for a directed verdict were made by both parties, the decision of the learned trial judge is to be accorded the same effect as would be given to a verdict of a jury (Beuttell v. Magone, 157 U.S. 154, 15 S.Ct. 566, 39 L.Ed. 654; Williams v. Vreeland, 250 U. S. 295, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.

L.R. 1038; Southern Surety Co. v. Fidelity & Casualty Co. (C.C.A.) 50 F.(2d) 16), and he was clearly of the opinion that the truck involved in the accident was the same truck which was covered by the policy. There is ample evidence to sustain that opinion. It was shown that the Long Trucking Company purchased two 6½-ton Mack trucks; that· it insured two 6½-ton Mack trucks; that at the time it took out the insurance it owned only two 6½-ton Mack trucks. This and other evidence tends to show that the truck involved in the accident was the same truck that was covered by the insurance. That the motor and serial numbers given in the policy do not coincide with the motor and serial numbers of the truck causing the accident might have been, as the court ·found, a mistake which occurred in transcription. They were mere matters of description for identification which are immaterial to the risk and are not grounds for a reversal. White v. Home Mutual Insurance Association of Iowa, 189 Iowa, 1051, 179 N.W. 315; Wyman v. Security Insurance Company of California, 202 Cal. 743, 262 P. 329; De Paola v. National Insurance Co., 38 R.I. 126, 94 A. 700; Sunderlin on Automobile Insurance, § 177, p. 103.

■ That the Court of Chancery of New Jersey refused to reform the policy and correct the apparent error (Long Trucking Company v. St. Paul Indemnity Company, decided by the Court of Chancery of New Jersey, 1930,[1] unreported) is immaterial to the issue here and cannot possibly afford a ground for reversal, for it is not necessary to reform a policy to correct mere matters of description. White v. Home Mutual Ins. Association of Iowa, supra; De Paola v. National Insurance Co., supra; 32 Corpus Juris, § 514, p. 1288.

■ The Long Trucking Company, after the commencement of the present litigation, brought suit in the Monmouth district court of New Jersey to recover from the appellant expenses incurred by it in defending the tort action brought by Long and Fleming. The decision was for the appellant, and it contends that since the same questions were presented in that case as in the present case, the judgment in that case is a bar to recovery here on the ground of res ◦judicata. But that is untenable, for a federal court will give

---

[1] No opinion for publication.

only that force to an adjudication of a state tribunal which would be given to it by the courts of that state. Covington v. First National Bank of Covington, 198 U.S. 100, 25 S.Ct. 562, 49 L.Ed. 963; Wright v. Georgia Railroad & Banking Co., 216 U.S. 420, 30 S.Ct. 242, 54 L. Ed. 544. In Bergin v. Ganley, 107 N. J.Law, 242, 154 A. 731, the Court of Errors and Appeals of New Jersey held that a suit brought in a state district court subsequent to a proceeding before the Supreme Court of New Jersey, on the same subject-matter, which reached a conclusion in the district court before judgment in the Supreme Court, was not res judicata as to the Supreme Court. If the Supreme Court of New Jersey was not bound by the decision of the district court of that state, neither was the United States District Court bound by the decision of the state district court in the case at bar.

As to the second and third elements of defense, we believe that there was sufficient evidence both as to the insolvency of the insured, and the sole and unconditional ownership of the trucks by the insured to sustain the judgment entered in the District Court.

The judgment of the District Court is therefore affirmed.

Hugo Monnig, Jr., of St. Louis, Mo., J. G. Holland and Montgomery Dorsey, both of Denver, Colo., Taylor, Chasnoff & Willson, of St. Louis, Mo., and Lewis & Bond, of Denver, Colo., for appellants.

Edward L. Wood, of Denver, Colo., and Goggans & Ritchie, of Dallas, Tex., for debtor.

Charles Ginsberg and Charles Rosenbaum, both of Denver, Colo., for appellee General Securities Co.

Walter W. Blood and Bartels, Blood & Bancroft, all of Denver, Colo., for appellee Colorado Nat. Bank of Denver, and for other bondholder appellees except General American Life Ins. Co. and General Securities Co.

Before LEWIS and BRATTON, Circuit Judges.