ATLANTIC COUNTY CIRCUIT COURT.

JACK LA ROSA, PLAINTIFF, v. CHARLES H. LA ROSA.
DEFENDANT.

Decided February 18, 1944.

For the plaintiff, *James M. Davis, Jr.*

For the defendant, *Cole & Cole* (by *Maurice Y. Cole*).

BURLING, C. C. J.   Motion has been made to strike out the complaint filed in the above entitled cause of action on the ground that the said complaint is sham and fails to state a cause of action upon the following grounds:

1. Said complaint is sham in that the loans allegedly made by the plaintiff to the defendant, in the amounts and on the dates alleged in the First, Second and Third Counts of said complaint were the subject-matter of the litigation between the plaintiff and the defendant in a cause tried before the Atlantic County Court of Common Pleas on April 27th, 1942, wherein Jack La Rosa was plaintiff and Charles H. La Rosa was defendant, which trial resulted in a verdict of no cause for action in favor of the defendant.   The matters raised by the present complaint were found to be untrue by the jury in the foregoing cause and said matters are *res judicata.*

2. Said complaint fails to state a cause of action in that actions in debt, as alleged in said complaint are barred under and by virtue of the statute of limitations of the State of New Jersey, Revised Statutes 1937, Title 2:24–1 in that said action was not commenced within six years next after the cause of such action had occurred, as by the complaint on its face will appear.

These will be dealt with in the order of presentation.

The motion under reason No. 1 is grounded in the practice

provided for by *R. S.* 2:27–125; *N. J. S. A.* 2:27–125, and rule 65 of the Supreme Court, *N. J. S. A. tit.* 2, and accordingly the motion was supported by the affidavit of Charles H. La Rosa and Maurice Y. Cole, together with the records of the Atlantic County Court of Common Pleas in the matter of Jack La Rosa, plaintiff, v. Charles H. La Rosa, defendant, and with a transcript of the proceedings at the trial thereof. The answering affidavit of the plaintiff was submitted on the argument of the motion.

In 34 *C. J., p.* 1057, it is stated:

"(1943) b. Manner of Pleading—(1) In General. A plea of former recovery has sometimes been spoken of as a plea in abatement, but it is not a mere dilatory plea. While technically a plea of *res judicata* may be called a plea in abatement, practically speaking, it is a plea in bar, or a plea of estoppel by record. The defense of former adjudication may be raised by answer as well as by a formal plea."

By the provisions of modern practice, resulting from the act of 1912 (*N. J. S. A.* 2:27–1, *et seq.*) and the rules of court promulgated pursuant thereto, pleas in abatement are abolished and in lieu thereof, objection shall be made on motion. Rule 56, Supreme Court (*N. J. S. A. tit.* 2); *Commercial Credit Corp.* v. *Boyko* (*Court of Errors and Appeals,* 1927), 103 *N. J. L.* 620 (at *p.* 625); 137 *Atl. Rep.* 534; *Alexander* v. *Manza* (*Supreme Court,* 1943), 21 *N. J. Mis. R.* 295 (at *p.* 297); 34 *Atl. Rep.* (*2d*) 11.

No objection has been made as to the form of procedure in this matter, but the issue of a sham pleading has been accepted by the defendant, and will be accordingly disposed of.

A judgment recovered in a court of competent jurisdiction is *res adjudicata* as to a suit subsequently begun in another court involving the same facts and the rights and obligations of the respective parties resulting from those facts. *Bergin* v. *Ganley* (*Court of Errors and Appeals,* 1930), 107 *N. J. L.* 242; 154 *Atl. Rep.* 731.

But a matter is not *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, of the quality of the persons for and against whom the claim is made, and the judgment in the former

suit be so in point as to control the issue in the pending action. To render a prior judgment *res adjudicata* the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other. *Hoffmeier and Sons* v. *Trost*, 83 *N. J. L.* 358; 85 *Atl. Rep.* 221; *Mershon* v. *Williams*, 63 *N. J. L.* 398; 44 *Atl. Rep.* 211; *Smith* v. *Fisher Baking Co. (Court of Errors and Appeals,* 1929), 105 *N. J. L.* 567 (at *p.* 568); 147 *At'l Rep.* 455.

In *Meirick* v. *Wittemann Lewis, &c., Co. (Court of Errors and Appeals,* 1922), 98 *N. J. L.* 531; 121 *Atl. Rep.* 670, it was held:

"This suit was brought, as disclosed by the pleadings to recover on a *quantum meruit* for services rendered. The second defense interposed to the suit was, the plaintiff had been employed by the defendant, as secretary at a salary of $200 a week. That case was tried on the theory of a contract between the plaintiff and the defendant. At the trial the jury rendered a general verdict against the plaintiff and in favor of the defendant. This was the defense that was stricken out.

"The recognized rule applicable to the topic under discussion, supported by a long line of cases, is thus stated in 23 *Cyc.* 1158: 'A proper test in determining whether a prior judgment between the same parties, concerning the same matters, is a bar to a subsequent action, is to ascertain whether the same evidence, which is necessary to sustain the second action, would have been sufficient to authorize a recovery in the first; if so, the prior judgment is a bar. But if the evidence in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiff in the first suit is no bar to his recovery in the other suit, although it is for the same cause of action.' Cited, with approval in *Hoffmeier* v. *Trost*, 83 *N. J. L.* 358, 360; 85 *Atl. Rep.* 221; 15 *R. C. L.* 784, ¶ 239. It is quite apparent, tested by this rule, that the action of the court below in striking out the second defense

interposed was not error, *because the evidence which was necessary to sustain the present action would not have been sufficient to authorize a recovery in the first action.* (Italics are mine.)

An examination of the charge of the Common Pleas Court in the case in which the prior judgment was rendered discloses:

"The question for you to determine, you perceive, is altogether one of fact, whether you believe the testimony of this plaintiff that this is, as it purports to be, a simple and ordinary transaction of a promissory note being given to secure the payment of a legitimate debt; the debt, according to the plaintiff, being cash money loaned by him to his brother, in which case, a recovery should be had. Or whether on the other hand, you believe the testimony of the defendant as to various illegalities in the paper, one of them being that it was upon a gambling debt; or the other one, that there was never any delivery of the note; or the other, that it was not intended to be a note, is as I say, a question for you to determine, and is a question of fact. The burden of proving and establishing these defenses, is upon the defendant."

Thus it is apparent that the evidence to be presented in the trial of the pending issue to support the matter of the loans set forth in the three counts of the complaint would not have met the issue of the existence and delivery of the note of $1,830 upon which the first suit was brought. This is so, even if it be assumed that the aggregate of the loans upon which the present suit is based ($1,700) formed a part of the alleged consideration of the note of $1,830.

Applying the aforesaid principles to the facts in the present case, the motion is denied.

The second reason deals with the matter of the statute of limitation. *R. S.* 2:24–1; *N. J. S. A.* 2:24–1. This defense is the subject-matter of an answer and not of a demurrer. In the case of *Callan* v. *Bodine* (*Supreme Court,* 1911), 81 *N. J. L.* 240 (at *p.* 242); 79 *Atl. Rep.* 1057, it was held:

"In an action at law the defense of a bar of the statute of limitations is not available unless set up by plea. 25 *Cyc.* 1396. The defendant cannot demur to a declaration even

when it appears on its face that the limitation prescribed by the statute has expired, for the principal reason that thereby the plaintiff would be deprived of the opportunity of replying that the case was within some of the exceptions of the statute, or any other matter that would prevent the bar from attaching. 13 *Encycl. Pl. & Pr.* 200."

The motion is denied as to this ground.

In the moving papers, the defendant raised the **further** question:

"Take further notice that we shall in any event move to stay the presentation until the taxed costs due Cole & Cole, attorneys for the defendant in the sum of $52.51 as taxed in the action hereinabove more particularly referred to have been paid by said plaintiff."

If the issues are not the same, the non-payment of costs in the first will not stay the second action. *Miller* v. *Stieglitz* (*Supreme Court,* 1933), 11 *N. J. Mis. R.* 927, 928; 168 *Atl. Rep.* 839.

The issues are not the same and the motion upon this ground will be denied.

In support of the motion the defendant has advanced that the present action is barred by virtue of the application of the doctrine of election and the issue has been accepted by the plaintiff. The essence of the doctrine of election of remedies is a conscious choice with full knowledge of the facts of one of two or more inconsistent remedies. It is the intentional waiver of all remedies but the one chosen. *Adams* v. *Camden Safe Deposit and Trust Co.* (*Supreme Court,* 1938), 121 *N. J. L.* 389 (at *p.* 394) ; 2 *Atl. Rep.* (*2d*) 361. It stems from the principle, rooted in reason and justice, that a party seeking legal redress shall not be at liberty of taking irreconcilable and repugnant positions. There must be in fact two inconsistent remedies available to the party seeking the enforcement of the claimed right. *Adams* v. *Camden Safe Deposit and Trust Co.* (*ante*). The doctrine of election of remedies, considered by eminent authority as "a harsh, and now obsolete rule" is one to be strictly confined within its reason and spirit. *Adams* v. *Camden Safe Deposit and Trust Co.* (*ante*). Although this case was not removed to the Court of

Errors and Appeals, it was cited in *Levy* v. *Massachusetts Accident Co. (Court of Errors and Appeals,* 1939), 127 *N. J. Eq.* 49 (at *p.* 52); 11 *Atl. Rep.* (2*d*) 79. The remedies as sought by the plaintiff in this matter are not inconsistent.

Since the basis of fact of this defense is the institution of the first suit hereinbefore referred to, the defense is frivolous.

An appropriate rule in conformity herewith may be presented.